1  SEYFARTH SHAW LLP
   Camille A. Olson (SBN 111919)
2  colson@seyfarth.com
   Richard B. Lapp (SBN 271052)
3  rlapp@seyfarth.com
   Andrew C. Crane (SBN 285211)
4  acrane@seyfarth.com
   2029 Century Park East, Suite 3500
5  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
6  Facsimile:   (310) 201-5219

7  Robin E. Devaux (SBN 233444)
   rdevaux@seyfarth.com
8  560 Mission Street, 31st Floor
   San Francisco, California 94105
9  Telephone:   (415) 397-2823
   Facsimile:    (310) 201-5219
10
   Attorneys for Defendant
11 DHL EXPRESS (USA), INC.

12 LAW OFFICES OF GREGG A. FARLEY
   Gregg A. Farley (SBN 115593)
13 880 Apollo Street, Suite 222
   El Segundo, California  90245
14 Telephone:   (310) 445-4024
   Facsimile:   (310) 445-4109
15
   Attorneys for Plaintiff
16 JORGE A. MEJIA

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19

20 JORGE A. MEJIA, an individual,          Case No. 2:15-cv-0890 GHK-JC
   appearing on behalf of himself and all
21 other similarly situated,               **STIPULATED PROTECTIVE
                                           ORDER**
22              Plaintiff,

23      v.

24 DHL EXPRESS (USA), INC., an Ohio        FAC Filed:  January 7, 2015
   corporation; and DOES 1-25,
25
                Defendants.
26

27

28

20102965v.1

## I.  **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Jorge A. Mejia ("Plaintiff") and Defendant DHL Express (USA), Inc. ("Defendant") (collectively, the "Parties"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XII.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.

### A.  **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes,

1

20102965v.1

court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.   <u>DEFINITIONS</u>

1.   <u>Action:</u>  This pending federal law suit, *Mejia v. DHL Express (USA), Inc.*, Case No. 2:15-CV- 890-GHK-JC.

2.   <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

3.   <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.   <u>Counsel:</u>  Counsel of Record for the Parties (including support staff).

5.   <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6.   <u>Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1    7.    Expert:  a person with specialized knowledge or experience in a
2    matter pertinent to the litigation who has been retained by a Party or its counsel to
3    serve as an expert witness or as a consultant in this Action.

4    8.    Non-Party:  any natural person, partnership, corporation, association,
5    or other legal entity not named as a Party to this action.

6    9.    Counsel of Record:  attorneys who have appeared in this Action on
7    behalf of that party or are affiliated with a law firm which has appeared on behalf
8    of that party, and includes support staff.

9    10.    Party:  any party to this Action, including all of its officers, directors,
10   employees, consultants, retained experts, and Counsel of Record (and their support
11   staffs).

12   11.    Producing Party:  a Party or Non-Party that produces Discovery
13   Material in this Action.

14   12.    Professional Vendors:  persons or entities that provide litigation
15   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
16   demonstrations, and organizing, storing, processing, or retrieving data in any form
17   or medium) and their employees and subcontractors.

18   13.    Protected Material:  any Discovery Material that is designated as
19   "CONFIDENTIAL."

20   14.    Receiving Party:  a Party or Non-Party that receives Discovery
21   Material from a Producing Party.

22   **III.    SCOPE**

23   The protections conferred by this Stipulation and Order cover not only
24   Protected Material (as defined above), but also (1) any information copied or
25   extracted from Protected Material; (2) all copies, excerpts, summaries, or
26   compilations of Protected Material; and (3) any testimony, conversations, or
27   presentations by Parties or their Counsel that might reveal Protected Material,
28   other than during a court hearing or at trial.  Any use of Protected Material during a

3

court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

## IV.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   **DESIGNATING PROTECTED MATERIAL**

1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

20102965v.1

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2.     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section V.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents in .tiff or image format, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  In the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend or  to the media containing the Discovery Material (e.g., CDROM, floppy disk, DVD).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must mark them in accordance with the preceding paragraph.

(b)  in the case of depositions or other pretrial testimony:  (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 30 days of receipt of the transcript of the deposition or other pretrial testimony; provided that only those portions of the transcript designated as Protected Material shall be deemed Protected Material.  The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.    <u>Inadvertent Failures to Designate.</u>  Failure to designate Discovery Material as Protected Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as "Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party failed to designate as "Confidential," (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Protected Material, or (ii) in a manner consistent with Section V.2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Protected Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Protected Material.  In addition, upon receiving

such supplemental written notice, any Receiving Party that disclosed the Discovery
Material prior to its designation as "Confidential" shall exercise its best efforts (i)
to ensure the return or destruction of such Discovery Material; (ii) to ensure that
any documents or other materials derived from such Discovery Material are treated
as if the Discovery Material had been designated as "Confidential" when originally
produced; (iii) to ensure that such Discovery Material is not further disclosed
except in accordance with the terms of this Stipulation and Order; and (iv) to
ensure that any such Discovery Material, and any information derived therefrom, is
used solely for the purposes described in Section VII of this Stipulation and Order.
If the Receiving Party is unable to arrange for the return or destruction of such
documents and things from such unauthorized parties or individuals, then the
Receiving Party shall notify the Producing Party within fourteen days of notice
from the Producing Party of the identity of such unauthorized parties or individuals
and the efforts made to secure the return or destruction of such documents and
things.  The Receiving Party's disclosures, prior to the receipt of notice from the
Producing Party of a new designation, of Protected Material to unauthorized
parties or individuals shall not be deemed a violation of this Stipulation.  The
Producing Party shall promptly provide substitute copies of produced material
bearing the appropriate confidentiality designation in accordance with Section V.2.
Within 14 days of the receipt of substitute copies of the produced material, the
Receiving Party shall return or destroy said originally produced material and not
retain any copies thereof.  If the Receiving Party disagrees with the redesignation
of the produced material, it may challenge the redesignation pursuant to and in the
manner prescribed in Section VI.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.   <u>Timing of Challenges.</u>  Any Party or Non-Party may
challenge a designation of confidentiality at any time that is consistent with the
Court's Scheduling Order.

2.     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

3.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII.  ACCESS TO AND USE OF PROTECTED MATERIAL

1.     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII, FINAL DISPOSITION, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

8

20102965v.1

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**VIII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

9

1    (a) promptly notify in writing the Designating Party.  Such notification shall

2    include a copy of the subpoena or court order;

3    (b) promptly notify in writing the party who caused the subpoena or order to

4    issue in the other litigation that some or all of the material covered by the subpoena

5    or order is subject to this Protective Order.  Such notification shall include a copy

6    of this Stipulated Protective Order; and

7    (c) cooperate with respect to all reasonable procedures sought to be pursued

8    by the Designating Party whose Protected Material may be affected.

9    If the Designating Party timely seeks a protective order, the Party served

10    with the subpoena or court order shall not produce any information designated in

11    this action as "CONFIDENTIAL" before a determination by the court from which

12    the subpoena or order issued, unless the Party has obtained the Designating Party's

13    permission, or unless otherwise required by the law or court order.  The

14    Designating Party shall bear the burden and expense of seeking protection in that

15    court of its confidential material and nothing in these provisions should be

16    construed as authorizing or encouraging a Receiving Party in this Action to

17    disobey a lawful directive from another court.

18    **IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

19    **PRODUCED IN THIS LITIGATION**

20    The terms of this Order are applicable to information produced by a Non-

21    Party in this Action and designated as "CONFIDENTIAL."  Such information

22    produced by Non-Parties in connection with this litigation is protected by the

23    remedies and relief provided by this Order.  Nothing in these provisions should be

24    construed as prohibiting a Non-Party from seeking additional protections.

25    In the event that a Party is required, by a valid discovery request, to produce

26    a Non-Party's confidential information in its possession, and the Party is subject to

27    an agreement with the Non-Party not to produce the Non-Party's confidential

28    information, then the Party shall:

10

STIPULATED PROTECTIVE ORDER / CASE NO. 2:15-cv- 890 GHK-JC

20102965v.1

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

11

1    (c) inform the person or persons to whom unauthorized disclosures were

2    made of all the terms of this Order; and

3    (d) request such person or persons to execute the "Acknowledgment and

4    Agreement to Be Bound" that is attached hereto as Exhibit A.

5    **XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR**

6    **OTHERWISE PROTECTED MATERIAL**

7    When a Producing Party gives notice to Receiving Parties that certain

8    produced material is subject to a claim of privilege or other protection, the

9    obligations of the Receiving Parties include those set forth in Federal Rule of Civil

10   Procedure 26(b)(5)(B), and encompass all later created excerpts, summaries,

11   compilations, and other documents or records that include, communicate or reveal

12   the information claimed to be privileged or protected.

13   Nothing herein shall be deemed to waive or limit any applicable privilege or

14   work product or other protection, or to affect the ability of a party to seek relief for

15   the disclosure of information protected by privilege or work product protection,

16   regardless of the steps taken to prevent disclosure.  Regardless of the steps taken to

17   prevent disclosure, if a party produces information that it discovers, or in good

18   faith later asserts, to be privileged or otherwise protected from disclosure, the

19   production of that information will not constitute a waiver of any applicable

20   privileges or other protection, and the Receiving Party may not argue that the

21   Producing Party failed to take reasonable steps to prevent production of the

22   privileged or protected materials.  In such circumstances, the Producing Party must

23   notify in writing the Receiving Party of the production and the basis for the

24   privilege or other protection, and request in writing the return or treatment of the

25   produced privileged or protected information consistent with Federal Rule of Civil

26   Procedure 26(b)(5)(B).

27

28

## XII.   **MISCELLANEOUS**

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

4. <u>Effective Upon Execution of the Parties</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

## XIII. **FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

13

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Protected Material remain subject to this Protective Order as set forth in Section

IV, DURATION.

Any violation of this Order may be punished by any and all appropriate

measures including, without limitation, contempt proceedings and/or monetary

sanctions.

***

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Andrew C. Crane, certify that all

other signatories listed, on whose behalf the filing is submitted, concur in the

filing's content and have authorized the filing.

DATED: September 11, 2015    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Andrew C. Crane*
Camille A. Olson
Richard B. Lapp
Robin E. Devaux
Andrew C. Crane
Attorneys for Defendant
DHL EXPRESS (USA), INC.

DATED: September 11, 2015    Respectfully submitted,

LAW OFFICES OF GREGG A. FARLEY


By: */s/ Gregg A. Farley*
Gregg A. Farley
Attorneys for Plaintiff
JORGE A. MEJIA


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  September 11, 2015

_____/s/ Jacqueline Chooljian___
Hon. Jacqueline Chooljian
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

16

STIPULATED PROTECTIVE ORDER / CASE NO. 2:15-cv- 890 GHK-JC

20102965v.1

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,_____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on September 11, 2015 in the case of *Mejia v. DHL Express (USA), Inc.*, Case No. 2:15-CV- 890-GHK-JC.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:  _____


City and State where sworn and signed: _____


Print Name: _____


Signature: _____

17

20102965v.1