Seyfarth Shaw LLP
Camille A. Olson (SBN 111919)
colson@seyfarth.com
Richard B. Lapp (SBN 271052)
rlapp@seyfarth.com
Christopher A. Crosman (SBN 190336)
ccrosman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

SEYFARTH SHAW LLP
Robin E. Devaux (SBN 233444)
rdevaux@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
DHL EXPRESS (USA), INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. MEJIA, an individual, appearing on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:15-cv-0890 GHK-JC<br><br>**DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFF'S NEW EVIDENCE AND ARGUMENTS IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

22291472v.2

## I. INTRODUCTION

Defendant DHL Express (USA), Inc. ("DHL") objects to and moves to strike three new declarations, including exhibits, improperly filed by Plaintiff Jorge Mejia with his reply brief in support of his motion for class certification ("Reply").[1] Plaintiff attempts to put before this Court for the first time three supplemental declarations, attaching nine new exhibits. Not only does Plaintiff belatedly submit this new purported evidence, he also relies on this improperly submitted evidence to make new arguments never before made in his certification papers. There is simply no basis for Plaintiff's untimely submissions -- all of the evidence now submitted for the first time on reply was available to Plaintiff at the time he filed his opening brief. Simply because Plaintiff now realizes that his original moving papers are deficient, as DHL pointed out in its Opposition papers, that does not provide Plaintiff with a basis for filing additional alleged support for his motion. DHL should not be prejudiced by Plaintiff's failure to submit evidence and articulate legal theories in a timely manner. DHL therefore respectfully requests that the Court disregard Plaintiff's new alleged evidence and arguments submitted for the first time in its Reply.

## II. THE COURT SHOULD STRIKE NEW EVIDENCE AND FACTS OFFERED FOR THE FIRST TIME ON REPLY

It is well established that it is improper for a moving party to introduce new evidence on reply. *See Lujan v. National Wildlife Federation,* 497 US 871, 894–895 (1990); *see also Fleischer Studios, Inc. v. A.V.E.L.A., Inc*., 654 F.3d 958, 966 (9th Cir. 2011). Both the Federal Rules of Civil Procedure and the Central District of California's Local Rules prohibit the untimely introduction of new evidence on reply. "The Central District of California's Local Rule 7–5, titled 'Moving Papers,' states that '[t]here shall be served and filed with the notice of motion: ... (b) The evidence upon which the moving party will rely in support of the motion.' "**By submitting its evidence with its**

---

[1] These three declarations are the Supplemental Declaration of Gregg A. Farley (Docket # 49-2); the Supplemental Declaration of Peter Banos (Docket # 49-3); and the Supplemental Declaration of Plaintiff Jorge Mejia (Docket # 49-4), along with attached exhibits.

1

1  **supplemental brief, as opposed to with its original motion for summary judgment,**
2  **and by failing to file a motion to show cause why its neglect was excusable, [the**
3  **moving party] failed to comply with Local Rule 7–5 and Federal Rule of Civil**
4  **Procedure 6(b)**." *Id.* at 966 (emphasis added)(affirming that district court properly
5  refused to consider new evidence introduced on reply).

6        Here, Plaintiff has belatedly submitted three separate supplemental declarations,
7  including nine new exhibits, in support of his Reply and has made no effort, which he
8  cannot in any event do, to show "excusable neglect" for the submission of his tardy
9  evidence:

10        <u>Supplemental Declaration of Jorge Mejia:</u>[2] Plaintiff submits a supplemental
11  declaration to support his adequacy as a class representative. In connection with his
12  improper retention of an overpayment of wages, Plaintiff responds to DHL's opposition
13  with new claims that he never realized that DHL paid him his final wages twice, even
14  though this duplicate payment was made several weeks after his termination. Plaintiff
15  apparently expects the Court to believe that he just overlooked the deposit of an
16  additional $717 after his termination. That does not pass the risibility test.

17        Further, Plaintiff weakly asserts that, when he falsified an injury report to cover up
18  the fact that he was injured because he failed to follow proper procedure in securing a
19  load he was transporting, he did this because he "did not have much room to provide an
20  explanation for the accident." Of course, this ignores the fact that the explanation he
21  gave *was completely different than what actually happened.* Mejia would have us believe
22  that "not hav[ing] much room to provide an explanation" led him to describe his injury as
23  resulting from falling off his tug, rather than an injury incurred while attempting to
24  prevent an improperly-secured load from slipping off a trailer. By submitting this utterly

---

[2] Mejia's declaration is also striking for what it does *not* include. Despite the fact that DHL pointed out that Mejia has never asserted that he ever performed work when he clocked in during a pre-shift "grace period," Mejia's supplemental declaration *still* does not include such an assertion. The inescapable conclusion is that *Mejia never worked any uncompensated time prior to starting his paid shift.* Mejia therefore cannot serve as a class representative on this claim, as he is not a member of the very class he seeks to certify.

disingenuous explanation in a declaration, Mejia has even further damaged his credibility and underscored his inadequacy as a class representative.

Of course, adequacy as a representative is one of the standards for certification set forth in Rule 23, so this issue should have been fully briefed in the moving papers, along with all supporting evidence. Plaintiff's counsel admits in his supplemental declaration that he was aware that DHL had raised questions regarding the propriety of Plaintiff keeping the double payment,[3] and of course Plaintiff and his counsel knew that Plaintiff had been fired for failing to properly secure his load and then lying about his resulting injury.[4] Thus, no excuse exists for failing to include these facts and argument in the moving papers.

Supplemental Declaration of Peter Banos:

Mr. Banos' supplemental declaration focuses on three issues. First, Banos declares that he has reviewed the timekeeping data produced by DHL and confirmed that the pre-shift "grace period" applied to both union and non-union employees. This "finding" is entirely irrelevant, as DHL pointed out in its Opposition that this was the case. As Mr. Fernandez stated in his declaration, the "grace period" policy is a union "past practice" that is still followed as part of "the law of the shop" at DHL, but it has been afforded to non-union employees as well out of convenience.[5]

Next, Banos spends several paragraphs of his supplemental declaration evaluating the statements in two of DHL's declarations that certain DHL locations do not currently utilize any "grace period" or "rounding." Banos concludes that he "cannot confirm" these statements, rendering the several pages of discussion on this issue irrelevant and pointless.

Finally, Banos includes a paragraph concerning his conclusion that the $717 overpayment made to Mejia was less than the amount that Banos estimates Mejia was allegedly underpaid due to the "grace period" policy. However, once again this is

---

[3] Supplemental Farley Decl. ¶¶ 5-9.
[4] *See* Supplemental Mejia Decl. ¶¶ 3-6.
[5] Docket # 45-4 at ¶8.

3

entirely irrelevant; as Mejia *does not even contend he himself ever worked when clocked in before his shift,* it makes no sense to calculate "unpaid wages" where no wages are due in the first place.

Banos' supplemental declaration is therefore not only improper on reply, it is also entirely irrelevant to any issue presented by the pending motion. It should therefore be disregarded by the Court.

Supplemental Declaration of Gregg Farley:

Mr. Farley goes on for several pages discussing the same issues concerning Plaintiff's truthfulness as Mejia does (i.e., his termination for lying about his injury, and his improper retention of the duplicate wage payment). Again, because Mejia's adequacy as a class representative is one of the factors considered under Rule 23, and all of the evidence included was available prior to Plaintiff filing his motion, there is no excuse for belatedly including this information here.

Mr. Farley also includes additional deposition excerpts from three depositions that were taken weeks or months before the instant motion was filed. The failure to include this evidence with the moving papers deprived DHL of the opportunity to address it in its Opposition, thereby unfairly prejudicing DHL.[6]

---

[6] Mr. Farley also asserts in his declaration that DHL failed to properly disclose certain declarants under Rule 26. However, as Mr. Farley notes, *most of these witnesses were disclosed*, but he asserts they were not identified as having some of the information they included in their declarations. This amounts to "splitting hairs," and Mr. Farley has demonstrated no prejudice to Plaintiff. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)(Undisclosed evidence is not excludable "if the parties' failure to disclose the required information is substantially justified or harmless."). Indeed, Plaintiff himself substantially narrowed the class he seeks to certify and has abandoned most of the claims he originally pleaded (and he now seeks to file a Second Amended Complaint based on the newly configured claims and classes). DHL was informed of this in the Rule 7-3 conference just one week before the instant motion was filed, and had to adjust its arguments and evidence accordingly. Furthermore, the declarations in question were all obtained within less than two weeks prior to filing the Opposition, and thus, *even if the witnesses had never been disclosed before at all*, there would still be no violation of Rule 26. *See Wilson v. Kiewit Pacific Co.*, 2010 WL 5059522, at *10 (N.D. Cal. Dec. 6, 2010) (denying request to exclude undisclosed declarants where the plaintiff moved for certification of different classes than alleged in complaint and the declarations were all obtained between the time the motion and opposition were filed).

4

22291472v.2

There is no excuse for Plaintiff's untimely attempt to introduce this evidence, nor has Plaintiff even attempted to proffer an explanation. Plaintiff's untimely submissions of three new declarations, and the evidence attached thereto, should be struck and disregarded in their entirety.

## III. THE COURT SHOULD STRIKE NEW ARGUMENTS OFFERED FOR THE FIRST TIME ON REPLY

In addition to the bar on submitting new evidence on reply, a moving party is not permitted to offer new *arguments* in its reply brief. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived."); s*ee also Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (district court need not consider arguments raised for the first time in a reply brief).

Here, as discussed above, Plaintiff uses his improperly submitted new evidence to make various arguments that could have been raised in his opening brief. Plaintiff should not be able to augment his opening brief by setting forth entirely new arguments on reply. As Plaintiff failed to timely raise these arguments in his opening brief, Plaintiff has waived them and they should be disregarded.

## IV. IF THE COURT CONSIDERS THE UNTIMELY EVIDENCE, DHL SHOULD BE GIVEN AN OPPORTUNITY TO RESPOND IN A SUR-REPLY

In the alternative, if the Court is inclined to permit this untimely evidence submitted in contravention of the Local Rules, DHL must be afforded an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)("the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.").

DHL's response would address the new evidence and arguments raised by Plaintiff for the first time in his Reply, as briefly set forth above. DHL would also like the opportunity to address Plaintiff's serious mischaracterization of the leading California case regarding rounding of work time, *See's Candy v. Superior Court,* 148 Cal. Rptr. 4th 889 (2012). Plaintiff grossly misrepresents this case, asserting that it somehow stands for

5

1 the proposition that a "grace period" should be equated with "rounding." In fact, the *exact opposite* is the case. The court in *See's Candy* repeatedly distinguished the defendant's grace period policy from rounding, and indeed refused to accept the findings of the plaintiff's expert because he had simply assumed, without proffering any evidence, that work was being performed during the grace period, *exactly the way Mejia and his expert do in the present case*. *Id.* at 907-8. Furthermore, the court in *See's* expressly disagreed with the plaintiff's argument that the use of a "grace period" resulted in the company keeping inaccurate time records. *Id.* at 909. Yet here, Mejia makes this same meritless argument in his Reply.

Ultimately, the key for the court in the *See's Candy* case, as it should be for the court here, is that the plaintiff failed to provide any evidence whatsoever that any work was occurring, or that the employees were under the "control" of the employer during the "grace period." *Id.* at 908 ("because Silva presented no evidence to support this assumption [that grace period time was work time], Dr. Thompson's calculations were invalid . . ."); at 909 ("Silva did not produce *any* evidence showing the class members who clocked in during the grace period were working or were under the employer's control"); at 913 ("the grace period policy is not a rounding policy per se; it is a policy under which an employer seeks to accurately pay employees from the time they begin and end work").

Plaintiff's resort to new arguments in his Reply is the result of the fundamental flaw in his claims: *Mejia has provided no evidence at all that anybody, including himself, was ever due wages for pre-shift time while clocked in during a "grace period."* Thus, Plaintiff's motion fails, and certification should be denied.

Due to Plaintiff's improper inclusion of new evidence and argument in his Reply, DHL respectfully requests that, if this evidence and argument is not disregarded, DHL be permitted to file a sur-reply of no more than 10 pages to address Plaintiff's new evidence and arguments.

22291472v.2

**V.     CONCLUSION**

Defendant respectfully requests that the Court strike Plaintiff's procedurally defective and untimely supplemental declarations and exhibits thereto in their entirety. Defendant also respectfully requests that the Court disregard the aforementioned arguments Plaintiff has raised for the first time on reply.  In the alternative, Defendant requests that the Court permit Defendant to file a sur-reply to address the new arguments and evidence.

DATED: November 4, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By:   */s/ Christopher A. Crosman*
Camille A. Olson
Richard B. Lapp
Christopher A. Crosman
Robin E. Devaux
Attorneys for Defendant
DHL EXPRESS (USA), INC.

22291472v.2